NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                           :
SERGIO ACOSTA, ET AL.,                     :
                                           :
            Plaintiffs,                    :
                                           :   Civ. No. 09-701 (GEB)
     v.                                    :
                                           :   **MEMORANDUM OPINION**
NATIONAL PACKAGING, INC., ET AL.,          :
                                           :
            Defendants.                    :
_____:

**BROWN, Chief Judge**

This matter comes before the Court upon the motion for default judgment filed by Plaintiffs Sergio Acosta, Neil Katchin, and UAW Local 2326 Health & Welfare Plan (collectively "Plaintiffs"). (Doc. No. 7.) Defendant National Packaging, Inc. ("Defendant") did not answer Plaintiffs' complaint, and has not opposed Plaintiffs' present motion for default judgment. The Court has considered Plaintiffs' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, the Court will deny Plaintiffs' motion and issue an order for Plaintiffs to show cause why this case should not be dismissed with prejudice because this Court lacks personal jurisdiction over Defendant.

**I.     BACKGROUND**

Plaintiffs filed their complaint against Defendant on February 13, 2009, and therein allege that Defendant's failure to make certain plan contributions violates provisions of ERISA. (Compl.; Doc. No. 1.) In their complaint, however, Plaintiffs do not assert the basis upon which this Court has personal jurisdiction over Defendant, which according to the Labor Agreement at

issue, maintains a P.O. Box in Brooklyn, New York.  (Compl. Ex. B. p. 3.; Doc. No. 1.)  On August, 18, 2009, Plaintiffs filed their present motion for default judgment against Defendant. (Doc. No. 7.)  On August 20, 2009, the Clerk of the Court entered default against Defendant.  On March 5, 2010, this case was transferred to this Court.

II.     DISCUSSION

     A.     Legal Standard

Plaintiffs have filed a motion for default judgment against Defendant.  (Doc. No. 7.) Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction over the parties.  *See Williams v. Life Sav. & Loan,* 802 F.2d 1200, 1203 (10th Cir. 1986).  It is established that, "[a] federal court sitting in New Jersey has jurisdiction over the parties to the extent provided under New Jersey state law."  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing FED. R. CIV. P. 4(e); *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 144 (3d Cir. 1992)).  New Jersey's long-arm statute permits the exercise of personal jurisdiction over a non-resident defendant to the outer boundaries allowed under the Due Process Clause of the Fourteenth Amendment.  N.J. Court Rule 4:4-4; *Charles Gendler & Co., Inc. v. Telecom Equip. Corp.*, 102 N.J. 460 (1986).  Pursuant to the Due Process Clause, personal jurisdiction may be asserted over a non-resident so long as the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted).  These contacts must be of a nature such that the individual non-resident defendant "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

There are two theories under which personal jurisdiction may be exercised: general jurisdiction and specific jurisdiction.  First, the Court may find that the defendant has had sufficiently "continuous and systematic contacts" with the forum to support general jurisdiction. *Nicholas v. Saul Stone & Co. LLC*, No. 97-860m 1998 U.S. Dist. LEXIS 22977, at *10 (D.N.J. 1998) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984)).  To support such a finding, the plaintiff must show significantly more than mere minimum contacts with the forum state.  *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).  The facts required to establish general jurisdiction must be "extensive and persuasive." *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982). "If a party is subject to the general jurisdiction of a state, that party can be called to answer any claim against her, regardless of whether the subject matter of the cause of action has any connection to the forum."  *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992).

Second, if the cause of action is related to or arises out of the defendant's activities within the forum, the Court may exercise specific jurisdiction.  *Id.*  This principle gives rise to a two-prong test: (1) the defendant must have constitutionally sufficient "minimum contacts" with the forum State, and (2) if minimum contacts are shown, jurisdiction may be found where the Court determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice." *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.*, 76 F.3d 147, 150-51 (3d Cir. 1996).  The first prong - sufficient minimum contacts - exists if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987) (quoting *Burger King*, 471 U.S. at 475 ).  Once the

plaintiff has made out a prima facie case that the first prong is satisfied, the defendant must present a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. In determining whether the assertion of jurisdiction violates the second prong, which requires upholding traditional notions of fair play and substantial justice, the Court must consider several factors: the burden on the defendant, the interests of the forum state, plaintiff's interest in obtaining relief, the interstate judicial system's interest in obtaining efficient resolutions of controversies, and, if relevant, the shared interest of the several states in furthering substantive social policies. *Id.* at 476-77.

When deciding whether either specific or general personal jurisdiction exists pursuant to the foregoing analysis, "a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Ledgestone Assocs., LLC v. Internet Methods*, No. 06-567, 2008 U.S. Dist. LEXIS 49081 (D.N.J. June 27, 2008) (quoting *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003)). "If an issue is raised as to whether a court lacks personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007) (citing *G.E. v. Deutz AG*, 270 F.3d 133, 150 (3d Cir. 2001). "The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank*, 960 F.2d at 1223 (citing *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434 (3d Cir. 1987) (citations omitted)).

B.  **Application**

Here, Plaintiffs have alleged no facts in the complaint upon which this Court can establish that personal jurisdiction exists over Defendant in New Jersey under any theory. In the

complaint, Plaintiff simply alleges that venue in this District is appropriate because the fund at issue is administered in New Jersey. (Compl. ¶ 2.) Further, in the complaint, Plaintiffs fail to identify where Defendant is incorporated, where Defendant maintains its principal place of business, or any facts that establish that Defendant has any connection to New Jersey. This failure in pleading is not addressed in the two-page brief that Plaintiffs filed in support of their present motion. Therefore, Plaintiffs' motion for default judgment shall be denied because Plaintiffs' submissions have not established that this Court has personal jurisdiction over Defendant. In light of that decision, the Court shall issue an order for Plaintiffs to show cause in the form of a written certification why this case should not be dismissed with prejudice because this Court lacks personal jurisdiction over Defendant.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment shall be denied, and the Court shall issue an order to show cause. An appropriate form of order accompanies this memorandum opinion.

Dated:

       /s/ Garrett E. Brown, Jr.
       GARRETT E. BROWN, JR., U.S.D.J.