NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SERGIO ACOSTA and NEIL KATCHIN, *As Trustees and Fiduciaries of the Local 2326 UAW WELFARE PLAN*, and UAW LOCAL 2326 HEALTH & WELFARE PLAN, | Hon. Garrett E. Brown, Jr. |
| Plaintiffs, | Civil Action No. 09-701 (GEB) |
| v. | **MEMORANDUM OPINION** |
| NATIONAL PACKAGING, INC., and JOHN DOES 1-10, | |
| Defendants. | |

**BROWN, Chief Judge:**

This matter[1] comes before the Court on the unopposed motion for default judgment (Doc. No. 15) filed by Plaintiffs Sergio Acosta, Neil Katchin, and UAW Local 2326 Health & Welfare Plan ("Plaintiffs") against Defendant National Packaging, Inc. For the following reasons, the Court will grant Plaintiffs' motion.

**I.    BACKGROUND**

Plaintiffs Sergio Acosta and Neil Katchin, trustees and fiduciaries for and on behalf of the UAW Local 2326 Health & Welfare Plan ("Plan"), commenced the above-captioned matter against Defendant National Packaging pursuant to section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, section 515 of ERISA, 29 U.S.C.

---

[1] By Order of March 5, 2010, the instant matter was reassigned to the undersigned.

§ 1145, and section 4301 of ERISA, 29 U.S.C. § 1451.  Plaintiffs assert that Defendant and UAW Local 2326 ("Local 2326") were parties to a collective bargaining agreement (CBA) governed by ERISA, which required Defendant to make monthly contributions to the Plan on behalf of employees.  (Compl. at 2–4.)

According to the Complaint, Defendant has failed to make the required contributions and submit the required contribution reports.  Plaintiffs estimate on the basis of Defendant's contribution history that Defendant owes a principal amount of $108,754.06.  (*Id.* ¶ 12.)  Plaintiffs served Defendant with a copy of the summons and Complaint in this matter on February 27, 2009.  (Doc. No. 4.)  The Clerk of the Court entered default on August 20, 2009.  Plaintiffs now move for default judgment against Defendant seeking total damages of $153,624.56, consisting of a principal amount of $108,588.84, statutory liquidated damages in the amount of $21,717.77  (20% on delinquent contributions), prejudgment interest in the amount of 20,230.45 (7.5% per annum), and attorneys' fees and costs of $3,087.50.  (*See* Ehrenberg Certif. ¶¶ 5–8.)

As of the date of this Opinion and accompanying Order, Defendant has not appeared in this action or otherwise responded to the Complaint or Plaintiffs' motion for default judgment.

II.     DISCUSSION

When a party fails to answer a complaint, the court must accept as true all allegations contained in the complaint, except allegations concerning damages.  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).  Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties.  *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).  This Court

recognizes that it cannot exercise jurisdiction over a party that has not been properly served. *Reddy v. Medquist, Inc.*, 2009 U.S. Dist. LEXIS 68122, at *6 (D.N.J. Aug. 4, 2009); *see Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside."). As this Court noted in its Letter Order of June 7, 2010, this Court has personal jurisdiction over Defendant pursuant to ERISA's provision for nationwide service of process, *see* 29 U.S.C. § 1132(e)(2), because Defendant had minimum contacts with the United States, and it appears that Defendant was served in the United States. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Court will now turn to the merits of Plaintiffs' motion for default judgment.

Default judgment is governed by Federal Rule of Civil Procedure 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, No. 06-5231, 2008 U.S. Dist. LEXIS 28066, at *7 (D.N.J. Apr. 1, 2008) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by

the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady*, 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("[W]e have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment.")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).

Section 515 of ERISA provides that "[e]very Employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with . . . such agreement." 29 U.S.C. § 1145. Sections 502(a) and 4301(a) of ERISA permits a plan fiduciary to sue an employer who fails to make the required contributions. 29 U.S.C. §§ 1132(a), 1451(a). If a court enters judgment in favor of the plan fiduciary, section 502(g)(2) of ERISA requires the court to award: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorneys' fees and costs; and (5) other relief the court deems appropriate. 29 U.S.C. § 1132(g)(2). The CBA between Plaintiffs and Defendant required Defendant to make monthly contributions to the Plan. (Compl. Ex. B (CBA), Art. XIV.) According to the Complaint, Defendant failed to make the required contributions as set forth in the CBA. (Compl. ¶ 12.)

Although Plaintiffs properly effectuated service of process on Defendant and Defendant has had ample notice of the instant motion, Defendant has not appeared and, therefore, has not provided any reason why default judgment should not be entered in Plaintiffs' favor. Accepting the allegations of the Complaint as true and admitted by Defendant, Plaintiffs' allegations

4

establish that Defendant is liable for delinquent contributions owed to the employee benefit fund pursuant to ERISA and the CBA.   Defendant has not proffered a meritorious defense to Plaintiffs' claim that Defendant has failed to pay its required contributions, and the facts as alleged in the Complaint provide no indication of a meritorious defense.

Moreover, Plaintiffs have suffered prejudice by Defendant's failure to respond and will continue to suffer if default judgment is not granted because delinquent contributions can negatively impact Plaintiffs' ability to pay their beneficiaries.  *See, e.g.*, *Carpenters Health & Welfare Fund v. Bold and Clauss Constr., Inc.*, No. 05-4858, 2006 U.S. Dist. LEXIS 12802 at *7-8 (E.D. Pa. Mar. 24, 2006); *Carpenters Health & Welfare Fund v. Naglak Design*, No. 94-2829, 1995 U.S. Dist. LEXIS 566, at *8 (E.D. Pa. Jan. 12, 1995).  The Court also finds Defendant culpable with respect to its failure to answer, move, or otherwise respond.  *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (stating that defendants "are presumed culpable where they have failed to answer, move or otherwise respond").  In light of the above, this Court will grant Plaintiffs' motion for default judgment against Defendant.

With regard to the relief requested, Plaintiffs allege that Defendant owes the principal amount of $108,588.84 and attorneys' fees and costs totaling $3,087.50.  Plaintiffs also seek to audit Defendant's records for missing contribution reports to ascertain any other delinquent contributions.  The Court finds Plaintiffs' calculations as to the principal and attorneys' fees and costs to be reasonable.  (*See* Compl. Ex. C; Ehrenberg Certif. ¶¶ 4-8.)  In determining the reasonableness of a request for attorneys' fees, the Third Circuit has adopted the "lodestar" method, by which the Court multiplies the number of hours reasonably expended by counsel by a

reasonable hourly rate. *See, e.g.*, *Washington v. Phila. Cty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). The party seeking attorneys' fees bears the burden of proving the reasonableness of the fee request. *Rode v. Dellarsciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court may not make a finding of reasonableness based on a generalized sense of appropriateness, but must rely on the record. *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001) (quotation omitted). Plaintiffs have submitted billing records for the Court's review. (Ehrenberg Certif. ¶ 8.) After careful consideration of Plaintiffs' records, the Court finds these fees and costs reasonable. Accordingly, the Court will award Plaintiffs delinquent contributions in the amount of $108,588.84, and fees and costs in the amount of $3,087.50. The Court will also permit Plaintiffs to conduct the requested audit.

However, the Court cannot determine prejudgment interest and liquidated damages at this time. Although ERISA permits recovery of prejudgment interest and liquidated damages, 29 U.S.C. § 1132(g)(2)(B)–(C), Plaintiffs has not provided documentation for its proposed interest rate of 7.5%. Because calculation of liquidated damages depends on the amount of prejudgment interest, *see* 29 U.S.C. § 1132(g)(2)(C), and because this Court cannot ascertain prejudgment interest at this time, the Court will defer judgment on prejudgment interest and liquidated damages, and the Court will allow Plaintiffs seven days to provide supporting documentation regarding its proposed interest rate, calculation of interest, and liquidated damages.

### III.   CONCLUSION

For the foregoing reasons, this Court will grant Plaintiffs' motion for default judgment (Doc. No. 15) against Defendant. The Court will enter judgment in favor of Plaintiffs in the total amount of $111,676.34, consisting of $108,588.84 in principal, and $3,087.50 in attorneys' fees

and costs.  The Court will further order Defendant to submit to an audit.  Plaintiffs will have seven days to provide supporting documentation regarding its proposed interest rate, calculation of interest, and liquidated damages.  The Court will issue an amended judgment, to include prejudgment interest and liquidated damages, in due course.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: July 28, 2010

                                              S/Garrett E. Brown, Jr.
                                          Garrett E. Brown, Jr., Chief Judge
                                          United States District Court